```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                FORT MYERS DIVISION
```

EUGENE SOLT,
                 Plaintiff,
vs.                        Case No.   2:05-cv-80-FtM-33DNF

JO ANNE BARNHART,
Commissioner of Social Security,

                 Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to the Report and Recommendation of Sheri Polster Chappell, United States Magistrate Judge (Doc. # 11), which was filed on February 28, 2006, Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge (Doc. # 12), and the Commissioner's response to Plaintiff's Objections (Doc. # 14).

**Standard of Review of Commissioner's Decision**

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. See 42 U.S.C. § 405(g); Crawford v. Comm'r of Social Security, 363 F.3d 1155, 1158 (11th Cir. 2004).  Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  Crawford, 363 F.3d at 1158; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by

substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Dyer, 395 F.3d at 1210. Legal determinations are reviewed de novo. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn ex rel. Shinn v. Comm'r of Social Security, 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

**Standard of Review of Magistrate Judge's Report and Recommendation**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636; Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

**Factual Background**

In a decision dated August 10, 2004, the Administrative Law Judge (ALJ) denied Plaintiff's application for Social Security

2

benefits. The ALJ conducted the customary sequential analysis and made the following findings:

1. The claimant met the disability insured status requirements of the Act on March 20, 1995, the date the claimant stated he became unable to work, and continued to meet them only through June 30, 1998.
2. The claimant has not engaged in substantial gainful activity since March 30, 1995.
3. The medical evidence establishes that the claimant has degenerative disc disease, status-post bilateral hernia repair and status-post cardiac catheterization with stent placement, a severe combination of medically determinable impairments. However, the level of severity of the claimant's impairments whether considered singly or in combination does not meet or medically equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4.
4. The claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.
5. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments.
6. The claimant has the residual functional capacity to lift 35 pounds occasionally and carry 25 pounds; stand one hour continuously and four hours occasionally with unlimited ability to sit.
7. The claimant's past relevant work as a truck driver and electrostatic painter as the claimant performed these jobs, did not require the performance of work-related activities precluded by his residual functional capacity.
8. The claimant's medically determinable neck, back pain[, and] heart problems, do not prevent the claimant from performing his past relevant work.
9. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision.

(Tr. 363-364).

Because Plaintiff's impairments did not preclude performance of past relevant work, the ALJ determined that Plaintiff was not

3

disabled and denied Plaintiff's application for benefits. (Tr. 364). Plaintiff has properly appealed this matter to the District Court. The Magistrate Judge entered a Report and Recommendation on February 28, 2006, recommending that the Commissioner's decision denying benefits be affirmed. The Plaintiff has filed a timely objection to the Report and Recommendation of the Magistrate Judge. This Court has reviewed the administrative record, including the August 10, 2004 decision of the Administrative Law Judge, and has considered the Report and Recommendation of the Magistrate Judge and the objection by Plaintiff as well as the response in opposition submitted by the Commissioner. Upon due consideration and as provided below, this Court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner denying benefits.

### Analysis

Plaintiff argues that the ALJ erred at findings # 6-9. Specifically, Plaintiff asserts that the ALJ erred in calculating Plaintiff's residual functional capacity (RFC), and that, on the basis of the incorrect RFC computation, the ALJ incorrectly determined that Plaintiff could perform past relevant work. Plaintiff's objection to the Magistrate Judge's Report and Recommendation is that the Magistrate Judge improperly determined that the ALJ "properly weighed the weight of the evidence." (Doc. # 12 at 4). The thrust of Plaintiff's argument is that the ALJ's

decision is not supported by substantial evidence and that the Magistrate Judge's Report and Recommendation should have recommended remanding the case for further proceedings, rather than affirming the decision of the Commissioner.

Plaintiff argues that the finding that Plaintiff could lift 35 pounds occasionally and carry 25 pounds was not supported by substantial evidence and that such finding is contradicted by the physical capacity evaluation findings and other evidence generated by Plaintiff's treating physician, Dr. Fernando G. Miranda.

On March 8, 2001, Dr. Miranda submitted a physical capacity evaluation form and found that Plaintiff could stand/walk for one hour in an eight hour day; could sit for one hour in an eight hour day; could lift no weight; could grasp; could push and pull; could engage in fine manipulation; could use feet for repetitive movement; and was totally unable to bend, squat, crawl, claim, and reach above shoulder level. (Tr. 176-177).

In addition, on March 9, 2004, Dr. Miranda wrote that Plaintiff had been "totally disabled since August 29, 1995, as a result of a work-related injury." (Tr. 418).

Plaintiff argues that the ALJ was required to give controlling weight to Dr. Miranda's opinions, and that Dr. Miranda's opinions are in direct conflict with the ALJ's finding that Plaintiff could lift 35 pounds, carry 25 pounds, and perform past relevant work.

It is true that Dr. Miranda determined that Plaintiff was

totally disabled and unable to do any lifting or carrying (Tr. 176-177; 418); however, both Dr. Miranda's physical capacity evaluation and his letter claiming that Plaintiff is totally disabled postdate Plaintiff's date last insured of June 30, 1998.[1]

Even if the evidence Plaintiff relies upon were timely, as pointed out by the Commissioner, the record evidence properly before the ALJ with regard to Plaintiff's RFC supports the determination that Plaintiff was able to lift 35 pounds occasionally and carry 25 pounds.  A treating physician's opinion is generally given great weight since treating physicians likely posses a detailed and longitudinal picture of the claimant's medical condition.  See Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); 20 C.F.R. § 404.1527(d)(2).  In addition, the ALJ accords controlling weight to a treating physician's disability

---

[1] As stated by the court in Benjamin v. Apfel, Civil Action No. 99-0738-P-L, 2000 U.S. Dist. LEXIS 13752, at *9-10 (S.D. Ala. Aug. 2, 2000):

> To qualify for [disability benefits] a plaintiff must prove she has a medically determinable impairment or impairments of sufficient severity to constitute a disability as contemplated by the Social Security Act (Act) and that the impairment became disabling while she was insured for disability purposes.  The Act places the burden of establishing disability on a plaintiff.  In order to receive [disability benefits], a plaintiff must establish that her condition became disabling before the expiration of her insured status.  If a plaintiff becomes disabled after her insured status has expired, her claim must be denied despite her disability.

(Internal citations omitted).

6

opinion when it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2). The ALJ, however, has good cause to reject a treating physician's opinions when such opinions are conclusory, internally inconsistent, or otherwise unsupported by clinical or other medical evidence. <u>See</u>, <u>e.g.</u>, <u>Jones v. Dept. of Health and Human Servs.</u>, 941 F.2d 1529, 1532 (11th Cir. 1991).

In this case, it was proper for the ALJ to disregard Dr. Miranda's 2004 report, which assessed Plaintiff as totally disabled as of 1995. In addition, it was proper for the ALJ to disregard Dr. Miranda's 2001 physical capacity evaluation. The record is replete with evidence inconsistent with a finding of disability as of August 29, 1995, and Dr. Miranda's restrictive physical capacity assessment.

Dr. Miranda's treatment notes show that Dr. Miranda made no disability findings until March 8, 2001, which was after Plaintiff's June 30, 1998, date last insured. (Tr. 178, 361). Although Dr. Miranda saw Plaintiff on August 29, 1995 (Tr. 188), the next office visit was not until May 15, 1997. The notes from the May 15, 1997 visit show that Dr. Miranda recommended conservative treatment. (Tr. 187). Plaintiff was not seen by Dr. Miranda until over a year later, on August 27, 1998. (Tr. 186, 362). Dr. Miranda's interaction was thus infrequent.

In addition, Plaintiff's testimony indicates that Plaintiff engaged in an active lifestyle, which included heavy lifting, exercising, and extensive walking. (Tr. 362; 441; 447). Treatment notes from Lee Memorial Hospital also document that Plaintiff was also doing heavy construction in early 1995. (Tr. 283).

Thus, the ALJ properly disregarded Dr. Miranda's assertion that Plaintiff was disabled. In addition, the ALJ's findings regarding Plaintiff's RFC are supported by substantial evidence in the record, including a functional capacity evaluation by Cheryl Ray, OTR. (Tr. 349).[2] Further, the Magistrate Judge properly noted that the ALJ is not required to give any special significance to a physician's RFC findings because the RFC determination is within the province of Commissioner. See 20 C.F.R. § 404.1546.

The Magistrate judge properly determined that the weight of the evidence supports the Commissioner's decision that the Plaintiff was not disabled, and the Commissioner should be affirmed in denying benefits to Plaintiff. Plaintiff's objections are overruled.

---

[2] The December 2, 1996 functional capacity evaluation showed that Plaintiff could lift 35 pounds occasionally, that Plaintiff could lift 40 pound at a maximum, and could carry 25 pounds. (Tr. 349). This report also indicates that Plaintiff may not have put forth a complete effort to lift and carry, as the report stated, "According to the consistency of effort information gathered from today's evaluation, Mr. Solt appeared to self-limit during the material handling activities as noted with lifting up to 40 lbs., but only carrying 25 lbs." (Tr. 349).

**Conclusion**

After conducting an independent examination of the file and upon due consideration of the report and recommendation and objections, the Court accepts and adopts the Report and recommendation of the Magistrate Judge. The Court finds that the decision of the Commissioner denying social security benefits is supported by substantial evidence, and the decision of the Commissioner is affirmed.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. United States Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. # 11) is **ACCEPTED** and **ADOPTED.**

2. The decision of the Commissioner denying benefits is affirmed. The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 27th day of March, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record